OPINION
Defendant-appellant Glen E. Green appeals his conviction and sentence in the Stark County Court of Common Pleas on two counts of burglary, in violation of R.C. 2911.12(A)(3). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On September 7, 1997, at approximately 2:00 pm., Doris Marks heard someone knock on the door of her house on Third Street, N.W. Canton, Ohio. By the time she answered the door, the individual had left. According to Marks, the individual was a thin black man wearing an Indians' baseball cap backwards.
Fifteen minutes later, Marks observed the same individual standing in her hallway. She asked him what he wanted. When the intruder indicated he wanted money, Marks told him the only money she had was a dollar in quarters which she intended to use to buy a newspaper. The intruder took the money and told her he would get her a newspaper. The intruder then left Marks' home.
A short time later, Marks observed the intruder in her bedroom putting a T.V. and several other items into a large bag. When Marks objected, the intruder unplugged her V.C.R. and left. Marks observed the intruder leave her home in the company of another black male.
Marks called the police. At the police station, Marks identified appellant in a photographic line-up as the person who took her belongings. She placed her initials and the date on the back of the photograph. At trial, Marks also identified appellant as the person who took her belongings.
The same day, Michael Lautzenheiser observed a tall, thin, black man kick in a door and enter the residence at 429 Elgin, N.W. in Canton. Lautzenheiser also observed a shorter black man come around the corner and enter the residence. According to Lautzenheiser, both men left the residence with sheets, curtains, and linens with things inside them. The men proceeded a short distance and inspected the items.
Canton police officers on patrol in the area received a call advising of a burglary in progress on Elgin N.W. A short time later, the officers observed a vehicle traveling the wrong way on Wolf Court, a street which intersects Elgin, N.W. The officers stopped the vehicle. Appellant was the driver and there were also two passengers in the vehicle. The officers recovered several items from the vehicle, which were later identified by the owner of 429 Elgin, Eleanor Howard, as belongings from her residence. At trial, Howard testified Elgin Street was her permanent address, though she had not lived there for an extended period of time.
On September 16, 1997, appellant was indicted by the Stark County Grand Jury on two counts of burglary and/or aiding and abetting. Count one alleged appellant and another defendant perpetrated a burglary of 627 3rd Street N.W. Canton, Ohio, the residence of Doris Marks. Count two alleged appellant and two other defendants perpetrated a burglary of 439 Elgin N.W. Canton, Ohio, the structure owned by Eleanor Howard. Prior to trial, appellant filed a motion for separate trials on the two counts. The trial court overruled the motion.
At trial, appellant moved for a continuance in order to allow the prosecutor to provide the defense with the results of an analysis of fingerprints collected by the Canton Police Department on September 7, 1997. The trial court denied the motion. Appellant also objected to the admission of several photographic line-ups shown to Marks at the police station from which she identified appellant. The objection was overruled.
Prior to the presentation of his defense, appellant executed several subpoenas. Mr. and Mrs. Mick, two of the subpoenaed individuals, failed to appear at trial. The next day, the trial court ordered a Stark County Deputy to travel to the location specified by appellant, and bring the individuals to court. The deputy could not locate the witnesses. Appellant was unable to provide the court with any other location where they might be found. Appellant then requested a continuance to compel the attendance of these individuals at trial. Defense counsel proffered a generalized assertion the testimony of these witnesses would contradict that of the State's witness, Lautzenheiser. The court denied the motion.
At the close of evidence, appellant requested the trial court instruct the jury on breaking and entering as well as burglary. The court denied this request. After hearing the evidence and deliberations, the jury found appellant guilty of both counts of burglary. The trial court sentenced appellant to four years on count one and five years on count two. The court ordered these sentences to run consecutively.
It is from these convictions and sentences appellant prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION FOR A CONTINUANCE, UNTIL POTENTIAL EXCULPATORY FINGER PRINT EVIDENCE WAS AVAILABLE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION FOR A CONTINUANCE, UNTIL SUBPOENAED WITNESSES COULD BE COMPELLED TO APPEAR IN COURT, IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE ONE, SECTION TEN.
 III. THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANTS MOTION FOR SEPARATE TRIALS [SIC], IN ACCORDANCE WITH, CRIMINAL RULE FOURTEEN.
 IV. THE TRIAL COURT ERRED WHEN IT ADMITTED INTO EVIDENCE THREE SETS OF PHOTOGRAPHIC LINE-UPS, WHICH WERE NOT AUTHENTICATED OR IDENTIFIED, IN ACCORDANCE WITH THE OHIO RULES OF EVIDENCE 901(A) AND 901(B) (1).
 V. THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANT'S RIGHT TO A FAIR TRIAL, WHEN IT FAILED TO CHARGE THE JURY WITH INSTRUCTIONS FOR THE LESSOR INCLUDED OFFENSE OF BURGLARY, AFTER THE STATE FAILED TO PROVE THE ELEMENT OF OCCUPIED STRUCTURE.
 I
In his first assignment of error, appellant contends the trial court erred and abused its discretion in denying his motion for a continuance until fingerprint evidence was available. Appellant explains the fingerprint analysis might have provided exculpatory evidence.
The trial court is granted broad discretion in granting or denying a continuance. State v. Unger (1981), 67 Ohio St.2d 65, paragraph one of the syllabus. An abuse of discretion occurs where the trial court's attitude is unreasonable, arbitrary, or unconscionable, it connotes more than an error of law or judgment.Id. In Unger v. Sarafite (1964), 376 U.S. 575, 589, the United States Supreme Court stated:
 [t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.
 Id. at 589.
Thus, the standard is a balancing test which requires the trial court to consider all competing factors, including the following:
 The length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstances which gives rise to the request for a continuance; and other relevant factors depending upon the unique facts of each case.
 Unger, supra, at 67-68.
In State v. Clayton (1991), 61 Ohio St.3d 234, the Ohio Supreme Court set forth two guidelines for an appellate court to consider when ruling on the propriety of a request for continuance. We must consider whether appellant had an opportunity to make a reasonable investigation or make a reasonable decision that certain investigations were not necessary. Id. at 240-241.
In the instant case, appellant did not request the continuance until the day of trial, even though appellant knew the evidence was unavailable prior to trial and could have requested a continuance earlier. Furthermore, the results of the fingerprint analysis were unknown when appellant requested the continuance. Because the record fails to disclose the results would have been exculpatory, appellant cannot demonstrate he was prejudiced by the trial court's denial of his request for a continuance. From these facts, the trial court could reasonably conclude appellant's request was dilatory and would inconvenience the court, witnesses, and opposing counsel. Based upon these considerations, we find the trial court did not abuse its discretion in denying appellants motion for a continuance.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court erred and abused its discretion by denying his motion for continuance until witnesses could be compelled to appear in court.
Our standard of review is abuse of discretion, which is set forth, supra.
The Ohio Supreme Court held, in Lancaster v. Green (1963),175 Ohio St. 203, a defendant's right to compel production of witnesses is subject to two limitations. First, the defendant must be able to identify the witness and his location with reasonable certainty. Id. Second, the defendant must clearly proffer proof that the witness's testimony is material to the defense. Id.See also, State v. Brooks (1989), 44 Ohio St.3d 185, 195; Statev. Rice (June 6, 1991), Cuyahoga App. No. 58643, unreported; Statev. Boyd (May 28 1992), Cuyahoga App. No. 60639, unreported.
We overrule appellant's second assignment of error for two independent reasons.
First, appellant failed to locate the witnesses with reasonable certainty. At appellant's request, the trial court stopped the proceedings and sent a court officer to retrieve the witnesses. When the court informed appellant the deputy could not locate the witnesses at the address given, appellant was unable to offer additional information regarding their location. Since appellant did not provide the trial court with the information necessary to assist the court in compelling the production of the two witnesses, appellant cannot satisfy the first prong of theGreen test.
Second, appellant did not proffer sufficient proof of the materiality of the witnesses testimony. Defense counsel generally asserted the testimony was relevant to appellant's case, stating:
 I would like to put on the record that I am requesting a continuance to have the Micks present as it related to very important supporting testimony toward Mr. Alexander's testimony.
Transcript of the Proceedings, p. 386.
We find this general conclusory statement is an insufficient proffer to demonstrate appellant was prejudiced by the trial court's denial of a continuance.
Appellant' s second assignment of error is overruled.
 III
In his third assignment of error, appellant asserts the trial court erred in denying his motion for separate trials pursuant to Crim.R. 14.
Crim.R. 14 states, in pertinent part:
 If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, information or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such relief as justice requires.
In State v. Torres (1981), 66 Ohio St.2d 340, 343, the Ohio State Supreme Court held consolidation under Crim.R. 14 is proper if joinder of offenses would not prejudicially effect the rights of the defendant. When a defendant claims error in the trial court's refusal to allow separate trials of multiple charges, the defendant has the burden to affirmatively demonstrate his rights were prejudiced. Id.
In determining whether such prejudice exists, a trial court must consider whether 1) the evidence of other crimes would be admissible even if the counts were severed, and 2) if not, whether the evidence of each crime is simple and distinct. State v.Hamblin (1988), 37 Ohio St.3d 153, 158-159.
In the instant action, joinder was not improper because, assuming, arguendo, the evidence related to one charge would be inadmissible in a trial on the other charge, the evidence of each crime is simple and distinct. Although occurring on the same date, the two burglaries occurred hours apart and at different locations. Additionally, the burglaries were committed under different conditions, and against different persons. In regard to the first incident, the evidence reveals appellant entered Marks' home three times and spoke with her before leaving with her belongings. Regarding the second incident, the evidence establishes appellant entered the Howard residence while the home was unoccupied, as witnessed by Lautzenheiser.
Accordingly, we find the trial court did not abuse its discretion by denying appellant's motion for separate trials.
Appellant's third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant argues the trial court erred in admitting into evidence three sets of photographic line-ups. Specifically, appellant asserts the exhibits were not properly authenticated or identified as required by Evid.R. 901.
The standard for judging whether a proper foundation has been laid for a given piece of evidence is stated in Evid.R. 901(A).
Evid.R. 901 states, in pertinent part:
 (A) General provision: The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
 (B) Illustrations: By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
 (1) Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be * * *
At trial, Marks identified appellant as the individual who took her belongings. Appellant's trial counsel failed to object to the witness' identification. Assuming, arguendo, the State did not lay a proper foundation for the evidence at issue (an assertion we do not mean to suggest we find persuasive), any error in the trial court's admission did not prejudice appellant as the State's witness was able to visually identify appellant in court.
Appellant's fourth assignment of error is overruled.
 V
In his fifth assignment of error, appellant submits the trial court erred in denying his request for a jury instruction on breaking and entering with respect to the second count of the indictment. Appellant argues breaking and entering is a lesser included offense of burglary and, thus, he was entitled to such an instruction.
In State v. Deem (1988), 40 Ohio St.3d 205, the Ohio Supreme Court set forth a three prong test to determine whether an offense is a lesser included offense. An offense may be a lesser included offense when 1)the offense carries a lesser penalty than the other; 2)the greater offense cannot be committed without the lesser offense also being committed; and 3) some element of the greater offense is not required to prove the commission of the lesser offense. Id. at 205.
We begin with a comparison of the elements of the offenses of breaking and entering, and burglary.
R.C. 2911.12 sets forth the elements of burglary:
 (A) No person, by force, stealth, or deception, shall do any of the following:
 (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;
 (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;
 (3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense;
 (4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
 (B) As used in this section, "occupied structure" has the same meaning as in section 2909.01 of the Revised Code.
R.C. 2911.13 sets forth the elements of breaking and entering:
 (A) No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony.
 (B) No person shall trespass on the land or premises of another, with purpose to commit a felony.
 (C) Whoever violates this section is guilty of breaking and entering, a felony of the fifth degree.
R.C. 2909.01(C) defines an occupied dwelling as follows:
 (C) "Occupied structure" means any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:
 (1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.
 (2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present.
 (3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present.
 (4) At the time, any person is present or likely to be present in it.
In comparing the elements of these offenses, we find prong two of the Deem test cannot be satisfied as the crime of burglary may be committed without committing the offense of breaking and entering. Burglary is defined, in part, as entry into an occupied structure. Breaking and entering involves entry into an unoccupied structure.
Appellant's fifth assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.